IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHELLY LYNN WHITLEY                                                                                PLAINTIFF

v.                                       Case No. 4:21-cv-00002

THOMAS ANTHONY GOIN                                                                          DEFENDANT

## ORDER

Before the Court is Calvin Beasley's Motion to Quash Subpoena Pursuant to Rule 45 and Motion for Protective Order Pursuant to Rule 26.  ECF No. 1.  Thomas Goin has filed a response in opposition to the Motion to Quash.  ECF NO. 3.  Beasley has filed a reply.  ECF No. 4.  The Court finds this matter ripe for consideration.

On March 19, 2021, Calvin Beasley received a subpoena noticing him for a deposition to be conducted on April 5, 2021, at Beasley's office in Prescott, Arkansas.  The subpoena was issued on behalf of Thomas Goin, who is a Defendant in a case in the Western District of Louisiana, *Whitley v. Goin*, Civil No. 520-cv-00006 ("the Louisiana case"), which is set to be tried on September 13, 2021.  In the Louisiana case, Shelly Whitley is suing Goin in connection with a motorcycle accident that occurred in Bossier Parish, Louisiana.  Beasley is not a party to the Louisiana case.  Prior to filing her complaint, Whitley retained the services of the law firm Stayton and Associates, PC, located in Prescott.  Whitley was an employee of this law firm at the time she retained its services.  Beasley was an associate attorney with the same law firm and represented Whitley in the pursuit of claims arising out of the motorcycle accident.

In the instant motion, Beasley moves the Court to quash the subpoena in its entirety "because it is an attempt to invade the attorney client privilege.  ECF No. 1, p. 6.  In the alternative,

Beasley asks the Court to require that the deposition be conducted via Zoom conference because of concerns regarding COVID-19.

Beasley argues that the subpoena should be quashed because any information he would produce or testify to is protected under the attorney-client privilege. Goin maintains that the attorney-client privilege is inapplicable under the current facts and circumstances.

A Court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). In diversity cases, like this one, the state law supplying the rule of decision governs application of the privilege. *See* Fed. R. Evid. 501. Under Arkansas law, a client "has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." Ark. R. Evid. 502(b). However, Arkansas recognizes six exceptions to attorney-client privilege. Ark. R. Evid. 502(d).

Goin does not argue that any of these six exceptions apply. Instead, counsel for Goin maintains that he "does not intend to invade the attorney-client relationship between Beasley and Whitley" and that he will "question Beasley regarding written and verbal communications with third parties, which are not protected by the attorney-client privilege." ECF No. 3, p. 3.

Beasley's motion is premature. The Court does not know what questions will be asked at the deposition and whether the attorney-client privilege will apply to every question. Counsel for Goin states that he will question Beasley as to communications that are not privileged. Further, Beasley will have the opportunity to assert any appropriate privilege objections at his deposition on a question-by-question basis. Accordingly, the Court finds that Beasley's Motion to Quash Subpoena and Motion for Protective Order (ECF No. 1) should be **DENIED**. The Court will,

2

however, order that the deposition be conducted at a location that will allow for the implementation of COVID-19 safety measures, including but not limited to social distancing and wearing masks.

**IT IS SO ORDERED**, this 1st day of April, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
